UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CEPIA, L.L.C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.    4:11-CV-273 SNLJ |
| ) | |
| ALIBABA GROUP HOLDING LIMITED and ) | |
| ALIBABA.COM HONG KONG LIMITED, ) | |
| ) | |
| Defendants. ) | |

***MEMORANDUM AND ORDER***

Plaintiff has filed a multicount trademark infringement complaint raising claims of trademark infringement, trade dress infringement, false advertising, false designation of origin, copyright infringement, unfair competition, and dilution.  This matter is before the Court on Defendant Alibaba Group Holding Limited's motion to dismiss for lack of personal jurisdiction [35], filed June 7, 2011 and Defendant Alibaba.Com Hong Kong Limited's motion to dismiss for lack of personal jurisdiction [33], filed June 7, 2011.  Extensive responsive pleadings have now all been filed and this matter is ripe for disposition.

**I. BACKGROUND**

Plaintiff Cepia, LLC is a limited liability company organized under the laws of Missouri, with its principal place of business in St. Louis, Missouri.  Plaintiff develops, manufactures, and sells various children's toy lines.  Plaintiff's most successful line to date and the subject of this lawsuit is the ZhuZhu Pets line which can best be described as motorized animal toys.  Plaintiff launched ZhuZhu Pets in 2009 and was recognized as "Toy of the Year" by the Toy Industry

Association in the same year. Plaintiff later extended distribution beyond the United States to Europe, Asia, Australia, New Zealand, and North and South America. In addition to expanding its geographic distribution, Plaintiff extended the ZhuZhu Pets line to include a wide variety of similar and supporting products. In 2010, Plaintiff successfully registered the mark "ZhuZhu Pets," along with the ZhuZhu Pets logo, with the United States Patent and Trademark Office. Plaintiff also is the owner of several copyrights related to ZhuZhu Pet product design and packaging.

Defendant Alibaba.Com Hong Kong Limited (hereinafter Alibaba.Com) is a Hong Kong corporation with its principal place of business in Wanchai, Hong Kong. Alibaba.Com is a subsidiary of Alibaba Group Holding Limited, a Cayman Islands corporation. Alibaba.Com maintains websites in the United States and elsewhere that allow a variety of third party sellers to display products for sale to consumers in one central internet location. Alibaba.Com maintains no physical presence of any kind in Missouri beyond the operation of its websites. Alibaba.Com generally does not offer products of its own creation for sale; instead facilitating commercial transactions between buyers and sellers online through its global websites. Alibaba.Com operates as an online marketplace where various third party sellers can list their products for sale, often purchased by wholesale buyers. Alibaba.Com has two "paid users" in Missouri, as well as 1,211[1] third party suppliers who identify themselves as being located in Missouri.[2] Alibaba.Com

---

[1] The parties disagree as to the number of third party suppliers in Missouri. Plaintiff contends there are over 2,000; Defendant contends there are 1,211. For the purposes of these motions only the Court will assume Alibaba.Com has 1,211 suppliers in Missouri.

[2] None of the third party suppliers who identify themselves as being located in Missouri sell ZhuZhu Pet related merchandise.

permits visitors to search for products either based upon pre-determined product category listings or based upon search terms provided by individual visitors.  During the relevant period, Alibaba.Com provided a link viewable on its home page that directed visitors to a page built specifically for ZhuZhu Pet merchandise.  The ZhuZhu Pet link existed on Alibaba.Com's home page regardless of any search terms a visitor may or may not have provided.

Alibaba Group Holding Limited (hereinafter Alibaba Holding) is a Cayman Islands Corporation with its principal place of business in Hong Kong.  Alibaba Holding is a holding company that owns a number of internet business, including Alibaba.Com.  Alibaba Holding owns the domain name "alibaba.com" and owns the marks "Alibaba" and "Aliexpress."  Alibaba Holding is the majority shareholder of Alibaba.Com.  Additionally, Alibaba.Com and Alibaba Holding share the same chairman of their separate boards of directors. Alibaba Holding maintains no presence of any kind in Missouri beyond its ownership interests in Alibaba.Com and Alibaba Holding's intellectual property used by Alibaba.Com.

Plaintiff contends Alibaba.Com unlawfully uses Plaintiff's ZhuZhu Pet related intellectual property, including the ZhuZhu Pet name, logo, packaging and product depictions to facilitate the sale of counterfeit and unauthorized ZhuZhu Pet merchandise.  Plaintiff contends Alibaba.Com maintained, during the relevant time period, a link on the subject website taking visitors to a ZhuZhuPet microsite featuring ZhuZhu Pet products for sale from various sellers.  According to Plaintiff, none of the sellers are authorized ZhuZhu Pet suppliers, and nearly all of the offered merchandise is counterfeit or otherwise unauthorized by Plaintiff.

## II.   APPLICABLE LEGAL STANDARD - MOTION TO DISMISS

In ruling on a motion to dismiss, a court must view the facts alleged in the complaint in

the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232 (1974); Conley v. Gibson, 255 U.S. 41, 45-46 (1957); Toombs v. Bell, 798 F.2d 297, 298 (8th Cir. 1986).  When personal jurisdiction is challenged by a defendant, the plaintiff bears the burden to show that jurisdiction exists.  KV Pharmaceutical Co. v. J. Uriach & CIA, S.A; 648 F.3d 588, 591-92 (8th Cir. 2011);  Viasystems, Inc. v. EBM-Pabst St Georgen GMBH & Co., KG, 646 F.3d 589, 592 (8th Cir. 2011); Miller v. Nippon Carbon Co., Ltd., 528 F.3d 1087, 1090 (8th Cir. 2008); Dever v. Hentzen Coatings, 380 F.3d 642, 647 (8th Cir. 2004); Epps v. Stewart Information Servs. Corp., 327 F.3d 642, 647 (8th Cir. 2003); Burlington Indus. v. Maples Indus., 97 F.3d 1100, 1102 (8th Cir. 1996); Gould v. P.T. Krakatau Steel, 957 F.2d 573, 575 (8th Cir. 1992); Enterprise Rent-A-Car Co. v. Stowell, 137 F.Supp.2d 1151, 1154 (E.D. Mo. 2001).  To successfully survive a motion to dismiss challenging personal jurisdiction, a plaintiff must make a *prima facie* showing of personal jurisdiction over the challenging defendant.  KV Pharmaceutical, 648 F.3d at 591 ("To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that personal jurisdiction exists. . ."); Steinbuch v. Cutler, 518 F.3d 580, 585 (8th Cir. 2008) ("To survive a motion to dismiss, the plaintiff must state sufficient facts in the complaint to support a reasonable inference that defendant's may be subjected to jurisdiction in the forum state."); Dever, 380 F.3d at 1072-73 (plaintiff must produce some evidence; conclusory allegations are insufficient to sustain the *prima facie* showing); Epps, 327 F.3d at 647; Clune  v. Alimak AB, 244 F.3d 538, 541 (8th Cir. 2000); Falkirk Mining Co. v. Japan Steel Works, 906 F.2d 369, 373 (8th Cir. 1990); Enterprise Rent-A-Car, 137 F.Supp.2d at 1154 (citing Digi-Tel Holdings Inc. v. Proteq Telecomm., Ltd., 89 F.3d 518, 522 (8th Cir. 1996)).  A plaintiff's *prima facie* showing "must be tested, not by pleadings alone, but by affidavits an

exhibits" presented in support or in opposition to the motion.  KV Pharmaceutical, 648 F.3d at 592; Miller, 528 F.3d at 1090 (citing Dever, 380 F.3d at 1072); Dever, 380 F.3d at 1072 (citations omitted); see Stevens v. Redwing, 146 F.3d 538, 543 (8th Cir. 1998) (when considering whether personal jurisdiction exists under Missouri long arm statute, court may inquire by affidavits or otherwise into facts as they exist).  Although a court must view evidence in a light most favorable to the plaintiff and resolve factual conflicts in the plaintiff's favor; the party seeking to establish the court's personal jurisdiction carries the burden of proof, and the burden does not shift to the party challenging jurisdiction.  Viasystems, 646 F.3d at 592; Epps, 327 F.3d at 647.

**III. DISCUSSION**

In order for a federal court to exercise personal jurisdiction over a non-resident defendant two prerequisites must be satisfied.  Johnson v. Arden, 614 F.3d 785, 794 (8th Cir. 2010); see KV Pharmaceutical, 648 F.3d at 592.  Firstly, the forum state's long arm statute must be satisfied. Viasystems, 646 F.3d at 593; Johnson, 614 F.3d at 794.  Secondly, the Court must determine whether the defendant has sufficient contacts with the forum state to satisfy due process concerns of the Fourteenth Amendment. Johnson, 614 F.3d at 794; Miller, 528 F.3d at 1090; Stanton v. St. Jude Medical, 340 F.3d 690, 693 (8th Cir. 2003); St. Jude Medical, Inc. v. Lifecare Int'l, 250 F.3d 587, 591 (8th Cir. 2001); Clune, 244 F.3d at 541; Redwing, 146 F.3d at 543l; Burlington Indus., 97 F.3d at 1102.  The Eighth Circuit Court of Appeals suggests the due process and long arm statute inquiries should be analyzed separately.  Viasystems, 646 F.3d at

593 n.2 (citing Bryant v. Smith Interior Design Grp., 310 S.W.3d 227, 231 (Mo. 2010)).[3]

The reach of Missouri's long arm statute is a question of Missouri law. See Scullin Steel Co. v. National Railway Utilization Corp., 676 F.2d 309, 311 (8th Cir. 1982). Accordingly, the Court must accept the interpretation given the statute by the Missouri Supreme Court. See id. Missouri's long arm statute provides for personal jurisdiction over any person or firm who, *inter alia*, either in person or through an agent transacts business, makes a contract, or commits a tort within Missouri. Mo. Rev. Stat. § 506.500.1(1)-(3). Missouri's long-arm statute has been interpreted as covering "extraterritorial acts that yield consequences in Missouri." Furminator v. Wahba, No. 4:10-CV-01941, 2011 WL 3847390 at *2 (August 29, 2011) (quoting Bryant v. Smith Interior Design Grp., Inc., 310 S.W.3d 227, 232 (Mo. 2010)).

The second prerequisite - minimum contacts - is based on the notion that "those who live or operate primarily outside a State have a due process right not to be subjected to judgment in its courts as a general matter." J. McIntyre Mach. Ltd. v. Nicastro, 131 S.Ct. 2780, 2787 (2011). Due process requires that a plaintiff show that a non-resident have "minimum contacts" with the forum state and that the maintenance of the lawsuit does not offend "traditional notions of fair play and substantial justice." Id.; World-Wide Volkswagen v. Woodson, 498 U.S. 286, 291-92 (1980); Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); see Asahi Metal Indus. Co. v. Superior Court of California, Solano County, 480 U.S. 102, 109-112 (1987); Miller, at 1090-1091; Steinbuch; at 585-86; Stanton v. St. Jude Medical, 340 F.3d at 693; Epps, 327 F.3d at 647-

---

[3] At the time the parties briefed their arguments in this matter, precedent indicated only a due process inquiry was required. Since the parties briefed this issue, the Eighth Circuit in Viasystems indicated a two part inquiry, testing both the application of the state long arm statute and due process, is necessary. Viasystems, 646 F.3d at 593 n.2.

48; Clune, 244 F.3d at 541-42 (citing Int'l Shoe, 326 U.S. 310); Burlington Indus., 97 F.3d at 1102 (citing World-Wide Volkswagen, 498 U.S. at 291-92); Guinness Import Co. v. Mark VII Distributors, 153 F.3d 607, 614 (8th Cir. 1998); Enterprise Rent-A-Car. at 1115 (citing Int'l Shoe, 326 U.S. at 310). A defendant's contacts with the forum state must be sufficient so that a non-resident defendant should reasonably anticipate being haled into court there. World-Wide Volkswagen, 444 U.S. at 297; Stanton, 340 F.3d at 694; Epps, 327 F.3d at 648.  Minimum contacts can cover a plethora of activities; however, sufficient minimum contacts "requires some act by which the defendant 'purposely avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" Nicastro, 131 S.Ct. at 2787 (quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958)); see Miller, 528 F.3d at 1091; Steinbuch, 518 F.3d at 586; Romak USA v. Rich, 384 F.3d 979, 984 (8th Cir. 2004); Dever, 380 F.3d at 1073; Stanton, 340 F.3d at 693; Epps, 327 F.3d at 648-49; Guinness Imports, 153 F.3d at 614.

The "'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as the result of 'random,' 'fortuitous,' or 'attenuated' contacts or of the 'unilateral activity of another party or a third person.'" Stanton, 340 F.3d at 693-94 (quoting Burger King, 471 U.S. at 475 (citations omitted)); see also Epps, 327 F.3d at 648; Guinness Imports, 153 F.3d at 614.  "Jurisdiction is proper, however, where the contacts proximately result from actions by the defendant himself that create a 'substantial connection' with the forum state." Stanton, 340 F.3d at 694 (quoting Burger King, 471 U.S. at 475).  That is, "jurisdiction is viable only if the injury giving rise to the lawsuit occurred within or had some connection to the forum state.  In other words, the cause of action must 'arise out of' or 'relate to'

a defendant's activities within a state." Romak USA, 384 F.3d at 984 (internal citations omitted).

Based on the due process standard espoused by World-Wide Volkswagen and International Shoe and their progeny, the Eighth Circuit Court of Appeals established a five factor test to determine the sufficiency of a non-resident defendant's contacts with the forum state. Romak USA, 384 F.3d at 984; but see Bryant; 310 S.W.3d at 233 n.4 (noting that the five factor test is "simply a tool. . .", not a required test for personal jurisdiction). The five factors utilized by the Eighth Circuit Court of Appeals are: 1) the nature and quality of contacts with the forum state; 2) the quantity of the contacts; 3) the relation of the cause of action to the contacts; 4) the interest of the forum state in providing a forum for its residents; and 5) convenience of the parties. Romak USA, 384 F.3d at 984; Dever, 380 F.3d at 1073-74; Stanton, 340 F.3d at 694; Epps, 327 F.3d at 648; Guinness Imports, 153 F.3d at 614; Burlington Indus., 97 F.3d at 1102; see also Products Plus, 112 S.W.3d 120, 124 (Mo.App. 2002). The first three factors are of "primary importance", while the last two factors are of "secondary importance" and as such are not determinative of personal jurisdiction. Romak USA, 384 F.3d at 984; Dever, 380 F.3d at 1074; Stanton, 340 F.3d at 694; Guinness Imports, 153 F.3d at 614.

Furthermore, with respect to the third factor, the Supreme Court has differentiated between general and specific jurisdiction. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984); see also Viasystems, 646 F.3d at 589. "'Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state, while [g]eneral jurisdiction . . . refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose.'"

Viasystems, 646 F.3d at 593 (quoting Miller, 528 F.3d at 1091) (alteration in original) (omission in original)).  General personal jurisdiction may be exercised if a defendant has maintained systematic and continuous presence in a forum state such that it has purposefully availed itself of the privileges of a particular state's laws to the point where exercising jurisdiction does not offend traditional notions of fair play or substantial justice.  Nicastro, 131 S.Ct. at 2787; World-Wide Volkswagen, 498 U.S. at 291-92; Steibuch, 518 F.3d at 586.  Unlike specific personal jurisdiction, general personal jurisdiction does not require a direct relationship between the defendant's contacts with the forum and the plaintiff's cause of action.  See Steinbuch, 518 F.3d at 586.

### A. Alibaba Holding

Plaintiff first argues Alibaba Holding is subject to the jurisdiction of this Court because Alibaba Holding owns the domain name www.alibaba.com, certain trade names and other intellectual property in connection with its subsidiary Defendant Alibaba.Com, and due to Alibaba.Com's allegedly tortious acts.  Few Missouri courts have addressed the issue of whether the Missouri long arm statute reaches a parent company due to the alleged tortious conduct of a subsidiary.  In Weicht v. Suburban Newspapers of Greater St. Louis, Inc., the Missouri Court of Appeals narrowly addressed whether a parent corporation was subject to personal jurisdiction in Missouri for actions of a subsidiary which occurred in Missouri.  32 S.W.3d 592 (Mo. App. 2000).  The Missouri Court of Appeals held the parent company did not have sufficient minimum contacts with Missouri to support jurisdiction pursuant to the Missouri long arm statute because the parent did not commit the allegedly tortious acts in Missouri, and the plaintiff had not shown the subsidiary was acting as an agent of the parent.  Id. at 601-02.

In a similar vein, the Eighth Circuit held that a North Carolina corporation was not subject to personal jurisdiction in a Nebraska Court based upon a subsidiary's conduct in Nebraska. Peterson v. U-Haul. Co., 409 F.2d 1174 (8th Cir. 1969) (applying Nebraska's long arm statute). Nebraska's long arm statute provided jurisdiction was proper in Nebraska so long as a party either conducted business in Nebraska or committed a tortious act in Nebraska. Id. at 1183. Nebraska's long arm statute is substantially similar to Missouri's long arm statute, in that both statutes confer jurisdiction over parties that either conduct business or commit a tort with the forum state. See Mo. Rev. St. § 506.500(1)-(3); Peterson, 409 F.2d at 1183. In determining whether or not a Nebraska District Court had jurisdiction over a North Carolina company based upon business conducted by a Nebraska subsidiary, the Eighth Circuit Court of Appeals explained "the doing business of a subsidiary corporation in a state does not without more confer jurisdiction over the nonresident parent corporation." Peterson, 409 F.3d at 1184; see Cannon Mfg. v. Cudahy Packing Co., 267 U.S. 333, 334-37 (1925).

Plaintiff next argues that a parent company may become subject to the jurisdiction of a forum based upon a symbiotic relationship with a subsidiary, citing Anderson v. Dassault Aviation, 361 F.3d 449 (8th Cir. 2004). In Dassault, the Eighth Circuit Court of Appeals held a parent corporation which completed manufacture of a majority of its products through a subsidiary located in Arkansas was subject to personal jurisdiction in Arkansas based upon "a close, synergistic relationship that is not an abuse of the corporate organizational form." Id. at 453. Dassault, however, is distinguishable from the present case. Dassault involved a parent company knowingly sending a majority of its products to a subsidiary in Arkansas for completion before the products were distributed to purchasers. The present case involves only the use of

trademarks and other intellectual property on web sites viewable, but not based, in Missouri. While Alibaba Holding certainly derives a benefit from Alibaba.com's use of trademarks owned by Alibaba Holding, the relationship between parent and subsidiary does not approach the same level of symbiosis found in Dassault.

Further, in Viasystems, Inc. v. EBM Pabst St. Georgen GmbH & Co., KG, the Eighth Circuit cautioned against the misapplication of Dassault. 646 F.3d 589, 596 (8th Cir. 2011). The Eighth Circuit explained that determining whether or not a parent purposefully directed products at a forum state and attributing the conduct of a subsidiary to a parent within a given forum should be "conceptually separate" inquiries. Id. The Eighth Circuit Court of Appeals opined that attribution of subsidiary conduct to a parent entity for jurisdictional purposes requires a degree of parental control and domination. Id. Although not quantifying the degree of parental control and domination required, the Eighth Circuit equated the parental relationship necessary to attribute the conduct of a subsidiary to its parent corporation with the alter ego relationship required by Epps v. Stewart Information Services Corp., 327 F.3d 642, 649 (8th Cir. 2003). In Epps, the Eighth Circuit Court of Appeals stated that jurisdiction over a non-resident parent corporation can be based on the actions of a resident subsidiary corporation "only if the parent so controlled and dominated the affairs of the subsidiary that the latter's corporate existence was disregarded so as to cause the residential corporation to act as the nonresidential corporate defendant's alter ego." Id.

Plaintiff has failed to sufficiently show the level of control needed to attribute Alibaba.Com's conduct to Alibaba Holding. Plaintiff points to use of the same name and logo, together with Alibaba.Com and Alibaba Holding having the same chairman of each entity's

-11-

separate boards of directors, as evidence of parental control. Such an arrangement does not reach the level of control as set forth in Epps. Beyond the parental relationship and ownership interests in domain names and trademarks indicated previously, Alibaba Holding does no business in Missouri. Alibaba Holding has never entered into any contract in Missouri, and is not registered to conduct business in Missouri with the Missouri Secretary of State. Plaintiff alleges that Alibaba Holding committed various state law torts and Lanham Act violations relating to trademark infringement and dilution. However, Plaintiff has asserted only that the allegedly infringing acts were performed by Alibaba.Com, not Alibaba Holding. Finally, Plaintiff has failed to sufficiently argue that Alibaba.Com is either an agent or an alter-ego of Alibaba Holding so as to subject Alibaba Holding to personal jurisdiction in Missouri. Therefore, Alibaba Holding's contacts with Missouri are insufficient to meet the jurisdictional requirements of Missouri's long arm statute.

Plaintiff alternatively argues Alibaba Holding is subject to the jurisdiction of the Court based upon Federal Rule of Civil Procedure 4(k)(2). Rule 4(k)(2) provides that jurisdiction over claims arising under federal law is proper if: "(A) the defendant is not subject to any state's courts general jurisdiction; and (B) exercising jurisdiction is consistent with the United States Constitution and laws." Fed. R. Civ. P. 4(k)(2). The propriety of exercising jurisdiction under Rule 4(k)(2) is measured based upon a defendant's contacts with the United States as a whole to satisfy the due process concerns of the Fifth Amendment. 1st Technology, LLC v. Digital Gaming Solutions S.A., 2009 WL 879463 at *6 (E.D. Mo. 2009) (citing Mwani v. bin Laden, 417 F.3d 1 (D.C. Cir. 2005)). Due process analysis concerning jurisdiction under Rule 4(k)(2) must be focused on whether the "defendant purposely directed its activities at residents of the

forum, and whether litigation results from alleged injuries that arise out of, or relate to those activities." Id.  Again, Plaintiff has not shown Alibaba Holding has purposely directed its activities at Missouri.  Further, Plaintiff has failed to show the conduct giving rise to this lawsuit is attributable to Alibaba Holding and not its subsidiary company Defendant Alibaba.Com.  Therefore, jurisdiction under Federal Rule of Civil Procedure 4(k)(2) is not proper in this case.

For the reasons set forth above, Defendant Alibaba Holding's motion to dismiss pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure will be granted.

B.  *Alibaba.Com*

Alibaba.Com is within reach of Missouri's long arm statute.  Violations of the Lanham Act and related state law violations of which Alibaba.Com is accused are tortious acts.  See Furminator, No. 4:10-CV-01941, 2011 WL 3847390 (Aug. 29, 2011).  Tortious acts aimed at citizens of Missouri are sufficient to satisfy Missouri's long arm statute.  See id.  Plaintiff, a limited liability company organized under Missouri law with its principal place of business in Missouri, is a Missouri citizen.  Alibaba.Com's allegedly tortious conduct allegedly injured Plaintiff's intellectual property and business interests in Missouri.  Furthermore, Alibaba.Com's relationships with its 1,211 third party suppliers in Missouri qualify as transacting business within the state.  See Mo. Rev. Stat. § 506.500(1).  As a result, Missouri's long arm statute is satisfied.

Having concluded that Alibaba.Com's conduct brings it within reach of Missouri's long arm statute, the Court turns to consider whether asserting personal jurisdiction over Defendant Alibaba.Com comports with due process.  Jurisdiction will be proper if it is consistent with principles of due process espoused by World-Wide Volkswagen and its progeny.  In determining

whether sufficient minimum contacts exist to exercise personal jurisdiction over Defendant Alibaba.Com, the Court considers the five factor test used by the Eighth Circuit in determining whether or not Alibaba.Com's contacts with Missouri are sufficient to support personal jurisdiction.  See Steinbuch, 518 F.3d at 586.  The first three factors of the Eighth Circuit test each support the existence of personal jurisdiction.  Firstly, Alibaba.Com operates a web site accessible in Missouri that is designed to generate commercial profits.  Alibaba.Com allegedly infringed upon the intellectual property of Plaintiff in operating the subject website for profit, which was accessible from Missouri.  Secondly, taking the evidence in a light most favorable to the Plaintiff, there are at least 1,211 third party sellers from Missouri that have entered into business relationships with Alibaba.Com to sell their products on the subject website.  Alibaba.Com has at least two paid "users" in Missouri and unknown quantity of unpaid users of Alibaba.Com presumably in Missouri.

   Third, without determining whether there is a sufficient connection between Alibaba.Com's contacts with Missouri and Plaintiff's cause of action that would support specific personal jurisdiction, the evidence amply supports a finding of general personal jurisdiction over Alibaba.Com.  At the heart of determining whether the exercise of general personal jurisdiction is consistent with the principles of due process is a determination of whether the defendant has purposefully availed itself of the privileges of a particular state's laws such that exercising jurisdiction does not offend traditional notions of fair play or substantial justice.  Nicastro, 131 S.Ct. at 2787; World-Wide Volkswagen, 498 U.S. at 291-92.  Alibaba.Com's contacts with Missouri are not fleeting or isolated.  Alibaba.Com maintains significant business relationships with over 1,200 persons or entities in Missouri on an ongoing basis.  These relationships,

combined with similar relationships across the world, are what allow Alibaba.Com to operate.  In short, Alibaba.Com's commercial relationships with third party sellers are a critical aspect of its operation.  Further, Alibaba.Com's commercial relationships with third party sellers are not a one time event, but rather a continuing critical component of its business.   Alibaba.Com maintains 1,211 such relationships with suppliers in Missouri.  Accordingly, Alibaba.Com's contacts with Missouri are systematic and continuous in such a manner that supports general personal jurisdiction.  By maintaining systematic and continuous commercial relationships with at least 1,211 people or entities in Missouri,  Alibaba.Com, has purposefully availed itself of Missouri's laws.  As a result, it is reasonable that Alibaba.Com may be haled into court in Missouri without offending traditional notions of fair play or substantial justice.  Therefore, exercising general personal jurisdiction over Alibaba.Com is consistent with principles of due process.

   Finally, the supplemental fourth and fifth factors further support the Court's finding of personal jurisdiction.  Plaintiff is a Missouri citizen.  Missouri has an interest in allowing its citizens to assert their rights and protect against allegedly tortious invasions of their intellectual property and business interests by foreign defendants.  As for convenience, although Defendant Alibaba.Com is a Hong Kong Corporation, it maintains significant business relationships in the United States and Missouri.  Thus, it cannot be said that litigation in Missouri poses a significant inconvenience to Alibaba.Com.

   An analysis of the five factor test put forward by the Eighth Circuit Court of Appeals and an examination of the fundamental principles governing personal jurisdiction indicate that Alibaba.Com has sufficient contacts with Missouri to allow the Court to exercise general personal jurisdiction over Alibaba.Com

Accordingly, Alibaba.Com's motion to dismiss pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Alibaba Group Holding Limited's motion to dismiss due to lack of personal jurisdiction [35] is **GRANTED.**

**IT IS FINALLY ORDERED** that Alibaba.Com Hong Kong Limited's motion to dismiss due to lack of personal jurisdiction [33] is **DENIED.**

Dated this  8th  day of November, 2011.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE